IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOLBERT JONES, COLIN CRAYBEEK, ONZELL HALE WASHINGTON, DEJONG MONTGOMERY, and JEROME HALE, | Case No. |
| Plaintiffs, | Judge |
| v. | Magistrate Judge |
| CITY OF CHICAGO, SERGEANT DAKURAS, OFFICER DIBLICH #36643, AND UNKNOWN CHICAGO POLICE OFFICERS, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW COME the Plaintiffs, TOLBERT JONES, COLIN CRAYBEEK, ONZELL HALE WASHINGTON, DEJONG MONTGOMERY, and JEROME HALE, by and through their attorney Christopher R. Smith, complaining of Defendants, CITY OF CHICAGO, SERGEANT DAKURAS, OFFICER DIBLICH 36643, and UNKNOWN CHICAGO POLICE OFFICERS, as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' Fourth Amendment rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all

parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## The Parties

3. Plaintiffs, TOLBERT JONES, COLIN CRAYBEEK, ONZELL HALE WASHINGTON, DEJONG MONTGOMERY, and JEROME HALE, reside in Chicago, Cook County, Illinois.

4. Defendant SERGEANT DAKURAS, OFFICER MATTHEW DIBLICH #36643, and UNKNOWN CHICAGO POLICE OFFICERS ("Defendant Officers") were at the time of this occurrence Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers.

## Background

6. Plaintiffs Tolbert Jones and his grandson Colin Craybeek reside in the garden level of a three floor apartment of a multi-unit house on Chicago's north side.

7. Plaintiffs Onzell Hale Washington, her son Jerome Hale, and grandson Dejong Montgomery live in the main floor of the same multi-unit house.

8. The second floor/top floor is a separate apartment that is occupied by additional relatives.

9. On April 7, 2015, Plaintiffs Tolbert Jones and Colin Craybeek, while in their garden level apartment, heard a loud banging coming from the front door.

10. Plaintiffs Onzell Washington, Jerome Hale and Dejong Montgomery heard the

2

same noise.

11. Onzell Washington began to approach the front door.

12. The banging was caused by the Defendant Officers ramming the doors.

13. The Defendant Officers entered the house without knocking and announcing themselves.

14. Defendant Officers stormed into the home with guns drawn.

15. When Tolbert Jones heard the noise, he came upstairs, opening the interior door separating the garden level and the main floor.

16. The door separating the garden level and the main floor has a separate lock.

17. At first, Tolbert Jones believed the home was being robbed or attacked.

18. When Tolbert Jones realized it was the police breaking into the home, he immediately went back downstairs to put his weapon on his bed, out of fear that keeping it on his person would result in the police shooting him.

19. Tolbert Jones is a security guard licensed to carry a gun.

20. When the Defendant Officers charged in with guns drawn, they immediately pointed their guns directly at Onzell Washington.

21. The Defendant Officers continued into the home pointing their guns at Jerome Hale and Dejong Montgomery.

22. The Defendant Officers proceeded downstairs and pointed their guns directly at Colin Craybeek and Tolbert Jones.

23. The Defendant Officers then proceeded to take Tolbert Jones' gun off of his bed.

24. Tolbert Jones told the Defendant Officers that he owned the gun, and was licensed to carry it.

25. The Defendant Officers confiscated Tolbert Jones' gun despite this information.

26. The Defendant Officers proceeded to arrest Jerome Hale even though they did not observe him committing any crime.

27. The Defendant Officers seized $400 that belonged to Dejong Montgomery.

28. The Defendant Officers seized $900.00 from Jerome Hale.

29. The Defendant Officers placed Tolbert Jones' gun and all the money into a bag that the Defendant Officers took out of a closet.

30. The Plaintiffs protested and told the Defendant Officers they had no right to take the property.

31. The Defendant Officers put Jerome Hale in handcuffs and then took him into the police station.

32. The Defendant Officers had no warrant for Jerome Hale's arrest.

33. Jerome Hale was detained and at the police station

34. At the station, Jerome Hale was asked to provide information about drug dealers in the area.

35. When the Defendant Officers left the residence with Jerome Hale, they left behind the bag with the Plaintiffs' money and Tolbert Jones' gun.

36. About thirty minutes after leaving the premises with Jerome Hale, the Defendant Officers returned to the Plaintiffs' home.

37. The Defendant Officers reentered the Plaintiffs' home with their guns drawn again.

38. The Defendant Officer entered the doors that they had previously broken without knocking or announcing their presence.

39. They again pointed their guns at Onzell Washington and Dejong Montgomery.

40. When the Defendant Officers returned, they immediately demanded Tolbert Jones' gun.

41. Dejong Montgomery informed the Defendant Officers that Tolbert Jones had since retrieved his gun and left the house.

42. Upon hearing this one of the Defendant Officers forcefully grabbed Dejong Montgomery.

43. The Defendant Officer then intentionally yanked Dejong Montgomery's arm up, causing injury to his shoulder.

44. The Defendant Officers then took Dejong Montgomery to a squad car.

45. The Defendant Officers threatened Dejong Montgomery that if Tolbert Jones did not return and give them a gun, that they would put Dejong Montgomery in jail.

46. One of the Plaintiffs contacted Tolbert Jones.

47. Tolbert Jones returned home and gave his gun to the Defendant Officers.

48. The Defendant Officers proceeded to confiscate Tolbert Jones' gun.

49. The Defendant Officers took Dejong Montgomery's $400.00

50. The Defendant Officers took Jerome Hale's $900.00.

51. Tolbert Jones asked Defendant Sergeant Dakuras how he could get his gun back.

52. Sergeant Dakuras replied: "You're never getting your fucking gun back."

53. Jerome Hale was eventually released from the police station without criminal charges.

54. Plaintiffs' personal property, including Tolbert Jones' gun, Dejong Montgomery's $400, and Jerome Hale's $900, was never returned.

55. Onzell Washington was never informed as to how to get her damaged doors repaired or paid for.

### Count I – 42 U.S.C. § 1983
### Fourth Amendment – Unlawful Entry

56. Each of the foregoing paragraphs is incorporated as if restated fully herein.

57. As described in the preceding paragraphs, the Defendant Officers, acting under color of law, entered Plaintiffs' home without knocking or announcing, and without any lawful justification for doing so, in violation of the Fourth Amendment of the United States Constitution.

58. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

59. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including property damage and emotional distress.

### Count II – 42 U.S.C. § 1983
### Fourth Amendment – Excessive Force

60. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

61. As described in the preceding paragraphs, the Defendant Officers, acting under color of law, used excessive force against Plaintiffs in violation of the Fourth Amendment of the United States Constitution.

62. The misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

63. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including emotional distress and physical pain and suffering.

### Count III – 42 U.S.C. § 1983
### Fourth Amendment – Illegal Seizure

64. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

65. The seizure of Plaintiff Tolbert Jones' gun violated his Fourth Amendment right to be free from unreasonable seizures.

66. The seizure of Plaintiff Dejong Montgomery's $400 violated his Fourth Amendment right to be free from unreasonable seizures.

67. The seizure of Plaintiff Jerome Hale's $900.00 violated his Fourth Amendment right to be free of unreasonable seizures.

68. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

69. As a result of the Defendant Officers' illegal seizure, Plaintiffs suffered injury.

### Count IV – 42 U.S.C. § 1983
### Fourth Amendment – False Arrest of Hale

70. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

71. The Defendant Officers arrested Jerome Hale.

72. The Defendant Officers did not have probable cause to arrest Jerome Hale.

73. As a result of the Defendant Officers' false arrest of Jerome Hale, Plaintiff suffered injury, including emotional distress and loss of freedom.

### Count V – 42 U.S.C. § 1983
### Fourth Amendment – False Arrest of Montgomery

74. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

75. The Defendant Officers arrested Dejong Montgomery when they detained him and threatened him in order to compel the return of Tolbert Jones with his gun.

76. The Defendant Officers did not have probable cause to arrest Dejong

Montgomery.

77. As a result of the Defendant Officers' false arrest of Dejong Montgomery, Plaintiff suffered injury, including emotional distress and loss of freedom.

### Count VI – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene

78. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

79. As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the misconduct described in this Complaint.

80. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered injuries including emotional distress, property damage, loss of property, loss of freedom and physical pain and suffering.

### Count VII
### 745 ILCS 10/9-102 – Indemnification – City of Chicago

81. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

82. Defendant City of Chicago is the employer of the Defendant Officers.

83. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

84. Should the Defendant Officers be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment Plaintiffs obtain against the Defendant Officers, as well as attorneys' fees and costs awarded.

**Jury Trial Demanded**.

Respectfully submitted,

/s/ Christopher R. Smith
Christopher R. Smith
*Attorney for Plaintiffs*

Christopher Smith Trial Group, LLC
One North LaSalle, Suite 2000
Chicago, IL 60602
312.432.0400